■ SIDCO DISTRIBUTING CO., INC., Respondent, v. MILCO FOOD CORP. et al., Appellants.— In an action to foreclose a security agreement (a chattel mortgage), in which an order-judgment of the Supreme Court, Nassau County, was entered on August 7, 1972, *inter alia* (1) granting plaintiff's motion for summary judgment, (2) directed foreclosure for the amount adjudged to be owing on the agreement, $33,440 with interest, and (3) denying defendants' cross motion for summary judgment, defendants appeal from so much of an order of the same court, entered August 29, 1973, as (a) granted the branch of a further motion by plaintiff as sought authorization for employment of an auctioneer to conduct the foreclosure sale and (b) denied defendants' further cross motion to vacate the above-mentioned order-judgment. Order entered August 29, 1973 affirmed insofar as appealed from, with $20 costs and disbursements. After the foreclosure sale shall have been had and after an application shall have been made to Special Term to confirm the sale, Special Term shall consider and determine the following matters: (1) whether the amount owing to plaintiff under the security agreement should be increased to include the reasonable expenses of this action including reasonable counsel fees, (2) whether defendants should be credited for the reasonable value of any use of the chattels by plaintiff since the latter obtained possession thereof in June, 1971, (3) whether a deficiency judgment should be allowed against defendants or either of them, in the light of the alleged delay by plaintiff in proceeding with the foreclosure sale and the possible resultant depreciation of the value of the chattels or because of any other reasons that defendants properly might assert and (4) the amount to be allowed for a deficiency judgment or a surplus, if either, and who shall be entitled thereto. Special Term, sitting as a court of equity when application for final judgment shall be awarded, is required to determine the relief to be granted to or against any party to this action as the exigencies and circumstances of the case shall dictate as of the time of such determination (cf. *Matter of Galewitz,* 3 A D 2d 280, 285, affd. 5 N Y 2d 721; *Feinberg* v. *Region Holding Corp.,* 41 A D 2d 536). This appeal was placed on the calendar of this court, to be heard on the original papers, by this court's order dated October 1, 1973. Although defendants also appealed from the order-judgment entered August 7, 1972, that appeal was not perfected and was not on this court's calendar. Accordingly, we have not considered that appeal, although the briefs of the parties appear to have been premised on the supposition that that appeal was also before this court. Latham, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.